**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No. 15-12767-MSH |
| EDWARD MURRAY, SR. | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| EDWARD MURRAY, SR. | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 15-01169 |
| v. | ) | |
| | ) | |
| REVENUE MANAGEMENT | ) | |
| CORPORATION AND DONALD J. | ) | |
| AUCOIN, | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS AND DEFENDANT REVENUE MANAGEMENT
CORPORATION'S REQUEST FOR DISMISSAL**

The debtor in the main case, Edward Murray Sr., initiated this adversary proceeding

against Revenue Management Corporation and Donald Aucoin, alleging violations of the Fair

Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, based on a letter Revenue

Management sent to Mr. Murray. That letter, dated January 22, 2015, is the key element in this

dispute and so I include a copy (redacted as to confidential or irrelevant information) at the end

of this memorandum.[1]

---

[1] The defendants admit that the letter was sent by Revenue Management to Mr. Murray.

1

In his complaint Mr. Murray accuses Revenue Management and Mr. Aucoin of three violations of the FDCPA as a result of sending the letter. He claims that:

(i)     By stating in the top right corner of the letter "Re: Mount Ida College vs.: Edward Murray" (for ease of reference I will refer to this quoted excerpt from the letter as the "versus language"), the defendants represented the legal status of the debt as being in pending litigation when in fact it was not, thereby violating § 1692e(2)(A) of the FDCPA;

(ii)    By including the versus language, the defendants represented or implied that the letter was legal process when it was not, thereby violating § 1692e(13) of the FDCPA; and

(iii)   By threatening to report Mr. Murray's account to all major credit bureaus unless payment was received within 10 days, defendants violated § 1692g of the FDCPA.

Mr. Murray has filed a motion for judgment on the pleadings against Revenue Management pursuant to Fed. R. Civ. P. 12(c), made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012, as to the first two alleged FDCPA violations described above. Both Revenue Management and Mr. Aucoin oppose the motion and have requested that Mr. Murray's complaint be "wholly" dismissed.[2] After considering the parties' written submissions and the arguments of counsel at a hearing on the matter, I conclude that Mr. Murray

---

[2] The request for dismissal which is included in the opposition to Mr. Murrays's motion for judgment on the pleadings (docket #11) is predicated on Rule 12 without any reference to a particular subsection of that rule. It is signed by both defendants although the opening paragraph refers only to Revenue Management as the party seeking relief.

is entitled to judgment under Rule 12(c) on his first claimed FDCPA violation but not on his

second and that Revenue Management is entitled to dismissal of the second claimed violation.

### *Statutory Framework, Burden of Proof and Legal Standard*

In its statement of purposes the FDCPA stakes out its goals "to eliminate abusive debt

collection practices by debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote consistent

State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. In keeping

with these objectives § 1692e provides in relevant part: "[a] debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt." 15

U.S.C. § 1692e. Section 1692a(6) defines debt collector as "any person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[3]

"In order to prevail on an FDCPA claim, plaintiff must prove that (1) she was the object

of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by

the FDCPA, and (3) defendants have engaged in an act or omission prohibited by the FDCPA."

*Claudio v. LVNV Funding, LLC (In re Claudio)*, 463 B.R. 190, 193 (Bankr. D. Mass. 2012)

(citing *Som v. Daniels Law Offices*, 573 F. Supp. 2d 349, 356 (D. Mass. 2008)).

In applying the foregoing standards to determine whether a communication is false,

deceptive or misleading, the United States Court of Appeals for the First Circuit has adopted an

---

[3] Revenue Management admits it is a debt collector.

"unsophisticated consumer" standard. *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d

98, 103 n.4 (1st Cir. 2014). "The standard protects all consumers, including the inexperienced,

the untrained and the credulous." *Id.* at 103. Other circuits have adopted a "least sophisticated

consumer" standard." *Id.* at 103 n. 4. There appears to be little practical difference between the

two formulations except that the use of the term "unsophisticated" to describe the consumer

"avoid[s] any appearance of wedding the standard to the 'very last rung on the sophistication

ladder.'" *Id.* (quoting *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)). In

any event, "[t]he phrase unsophisticated or least sophisticated debtor is used to describe the

hypothetical consumer whose reasonable perceptions will be used to determine if collection

messages are deceptive or misleading." *Maxwell v. Fairbanks Capital Corp. (In re Maxwell)*,

281 B.R. 101, 118 (Bankr. D. Mass. 2002). The standard is an objective one that protects naïve

consumers, but "also prevents liability for bizarre or idiosyncratic interpretations of collection

notices by preserving a quotient of reasonableness." *Id.* (quotation marks omitted). Even the

"unsophisticated" consumer is expected to have read the collection notice in its entirety. *Lesher*

*v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011).

Courts appear to be divided as to whether application of the "unsophiscated" or "least

sophisticated" consumer standard under the FDCPA requires a fact finding process or is purely a

question of law. *See Russell v. Absolute Collection Servs.*, Inc., 763 F.3d 385, 395 (4th Cir.

2014) ("Although we have never directly addressed whether application of the objective least-

sophisticated-consumer test to the language of a dunning letter is a question of law, we have

assumed that to be the case."); *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1060–61 (9th

Cir. 2011) (a debt collector's liability under § 1692e should be resolved as an issue of law);

4

*Russell v. Equifax A.R.S.*, 74 F.3d 30, 36 (2d Cir. 1996) (same); *but see LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1195 (11th Cir. 2010) ("Determining whether [the] letter could reasonably be perceived as a 'threat to take legal action' under the 'least–sophisticated consumer' standard in the circumstances of this case is best left to jury decision."); *Gonzalez v. Kay*, 577 F.3d 600, 606–07 (5th Cir. 2009) (whether communication was false or deceptive in violation of § 1692e is a question of fact for the jury); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008) (same).

At least three decisions of the United States District Court for District of Massachusetts have concluded that the determination of whether a collection letter violates the FDCPA is a question of law. *Berger v. Northland Group Inc.*, 886 F. Supp. 2d 59, 62 (D. Mass. 2012) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 34 (1st Cir. 2010)); *Schaefer v. ARM Receivable Mgmt., Inc.*, No. CIV.A. 09-11666-DJC, 2011 WL 2847768, at *2 (D. Mass. July 19, 2011) (same); *Devlin v. Law Offices Howard Lee Schiff, P.C.*, No. CIV.A. 11-11902-JGD, 2012 WL 4469139, at *4 (D. Mass. Sept. 25, 2012) (same). In a fourth decision the Massachusetts District Court was less absolute, noting that "whether a collection letter violates the FDCPA is often a question of fact," while conceding that "in clear cases, however, courts have decided as a matter of law that collection letters were not deceptive or misleading." *Waters v. J.C. Christensen & Associates, Inc.*, No. CIV.A. 08-11795-NG, 2011 WL 1344452, at *10 (D. Mass. Mar. 4, 2011), *report and recommendation adopted*, No. 1:08-CV-11795, 2011 WL 1344544 (D. Mass. Mar. 22, 2011). In other words, when a letter sends mixed signals or is inherently confusing, determining whether the unsophisticated consumer would be misled might require fact-finding, but when the letter is not contradictory or confusing, the issue of whether there was

5

an FDCPA violation is a question of law. *See Gillie v. Law Office of Eric A. Jones, LLC*, 785

F.3d 1091 (6th Cir.), *rev'd on other grounds and remanded sub nom. Sheriff v. Gillie*, 136 S. Ct.

1594 (2016). As will be elaborated upon shortly, the letter at the center of this controversy is not

inherently confusing nor has any party asserted the need for any fact-finding and so I may rule

on the dispute before me as a matter of law.

## *Rule 12(c) Standard*

"A motion for judgment on the pleadings is governed by Fed.R.Civ.P. 12(c) ("Rule

12(c)"), which is made applicable in bankruptcy proceedings pursuant to Fed. R. Bankr.P. 7012."

*Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno)*, 320 B.R. 473, 477 (B.A.P. 1st Cir.),

aff'd, 429 F.3d 16 (1st Cir. 2005). "Because such a motion calls for an assessment of the merits

of the case at an embryonic stage, the court must view the facts contained in the pleadings in the

light most favorable to the nonmovant and draw all reasonable inferences therefrom to the

nonmovant's behoof." *R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).

"Like a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court grants a motion for a

judgment on the pleadings only when the moving party clearly establishes that no material issue

of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lomagno,*

320 B.R. at 477.

## *Analysis*

### *15 U.S.C. § 1692e(2)(A): False Representation of Legal Status of Debt*

Under § 1692e(2)(A) a debt collector's "false representation of…the character, amount,

or *legal status* of any debt" is a violation of the statute. 15 U.S.C. § 1692e(2)(A) (emphasis

added). Mr. Murray alleges that the versus language in the letter is, in and of itself, a false

6

representation of the legal status of his debt and, therefore, by including it in the letter Revenue

Management has violated the statute.

The issue of whether, absent pending litigation, the use of versus language in a collection

letter violates the FDCPA is not one of first impression. In *Johnson v. Ardec Credt Servs.*, C.A.

No. C83-0818A, 1984 U.S. Dist. LEXIS 24889, at *14-16 (N.D. GA March 21, 1984), a debt

collector was found to have violated § 1692e(2)(A) by sending a collection letter containing

versus language when no lawsuit was in fact pending because "placing an adversary styling at

the top of a collection letter would create in the mind of a reasonable consumer a false

impression that a judicial action is pending." In *Philip*, No. CIV.A. 11-4773 SRC, 2011 WL

5513201, at *2 (D. N.J. Nov. 10, 2011), the court found no violation of § 1692e(2)(A) in a letter

containing versus language where additional language in the body of the letter clarified that a

suit had not yet been filed. The court stated:

> While the subject line of the letter does suggest the existence of a lawsuit against
> Plaintiff, the body of the letter unambiguously states that '[u]nless [Defendant] receives a
> check made payable to [it] within thirty (30) days after [Plaintiff] receives this letter, suit
> will be instituted against [her] in the appropriate Court ...' The collection notice must be
> read in its entirety and even by the unsophisticated consumer standard, 'will institute suit'
> is more than sufficient to negate any confusion arising from the subject line of the letter.
> Therefore, the use of 'vs.' does not violate the FDCPA in the present matter.

*Id.; but also see Feuerstack v. Weiner*, Civ. No. 12-04253 (SRC), 2014 U.S. Dist. LEXIS 99286,

at *15 (D. N.J. July 22, 2014) (court stated "[h]ere, in contrast to *Philip*, a reasonable juror could

conclude that the body of the letter does not cure the impression of an existing lawsuit, but

actually reinforces that message."); *Johnson v. Eaton*, 873 F. Supp. 1019 (M.D. La. 1995) (the

court found that additional language referring to court costs and a proposed consent judgment

along with the versus language negated any curative effect of the statement "we will file suit in seven (7) days").

In *Breazeale v. Muller, Muller, Richmond, Harms, Meyers & Sgroli, P.C.* Case No. 1:97-CV-916, 1998 U.S. Dist. LEXIS 9254, at *10 (W.D. Mich. May 18, 1998) the plaintiffs alleged that the defendants violated § 1692e(2)(A) by sending a collection letter, which "falsely represent[ed] the legal status of the alleged debt by using the term 'vs.' in the reference line." As in *Philip,* the defendant-debt collectors argued that language in the body of the letter, particularly "we may proceed with suit against you without waiting the 30 days," negated the misleading effect the versus language. *Id.* at *12. The court found for the debt collectors reasoning that:

> [T]he statement in the body of the letter indicating that is possible that suit may be filed sometime within the next 30 days should put even the least sophisticated consumer on notice that no action has been filed.

*Id.* at *16.

While seemingly disparate, the decisional authority readily supports a unifying principle for determining whether a collection letter violates FDCPA § 1692e(2)(A). A letter which contains versus language in the absence of pending litigation violates the statute unless the letter contains additional language sufficient to counteract the false impression created by the versus language.

Applying this principle to this case, I conclude that Revenue Management violated § 1692e(2)(A) when it sent its letter. I find that Revenue Management's use of the versus language would cause even a relatively sophisticated consumer to assume that a lawsuit had been initiated and that, unlike the letters described in *Philips* and *Breazeale,* there is nothing whatsoever contained in Revenue Management's letter to disabuse the reader of that assumption.

8

The question of whether Mr. Murray, himself, was or was not misled by Revenue Management's letter is irrelevant to the analysis under § 1692e. As indicated previously, the "unsophisticated consumer" standard for determining whether a debt collection letter is misleading is an objective one. *Glowacki v. Law Offices of Howard Lee Schiff, P.C.*, No. 1:13-cv-11306-RGS, 2014 U.S. Dist. LEXIS 77194, at *7 (D. Mass. June 5, 2014). It makes no difference whether or not the recipient of the letter was actually misled as to the legal status of the debt. *Id.* ("The 'least sophisticated consumer' test is an objective standard that pays no attention to the circumstances of the particular debtor in question.").

### *15 U.S.C. § 1692e(13): False Representation that Documents are Legal Process*

Mr. Murray asserts that the use of the versus language falsely represents or implies that that the letter is legal process and is therefore a violation of § 1692e(13) of the FDCPA.

Under § 1692e(13) "[t]he false representation or implication that documents are legal process" is a violation of the statute. 15 U.S.C. § 1692e(13). The FDCPA does not define the term "legal process." Black's Law Dictionary defines the term, in part, as a "summons or writ, espc. to appear or respond in court." *Process*, Black's Law Dictionary (10th ed. 2014). The term process generally has been more broadly defined as "the means whereby a court compels compliance with its demand." 72 C.J.S. Process § 1.There is nothing about the letter that even remotely suggests it was issued by a court let alone an attempt by a court to induce Mr. Murray to comply with the demand for payment. In all respects the letter appears to have been prepared by and sent on behalf of Revenue Management. True, by including the versus language Revenue Management makes reference in the letter to a lawsuit but that is not the same thing as legal process. I find that the letter does not violate § 1692e(13) of the FDCPA. *See Bradshaw v. Bank*

*of Am., N.A.* No. 12-CV-3784, 2013 U.S. Dist. LEXIS 180420, at \*8-9 (N.D. GA August 28,

2013).

### *Conclusion and Order*

Mr. Murrays's motion for judgment on the pleadings is granted in part. Judgment shall

enter for Mr. Murray and against Revenue Management as to the first alleged FDCPA violation,

the false representation of the legal status of its debt under § 1692e(2)(A) of the FDCPA. As to

the second alleged violation under § 1692e(13) of the FDCPA, the motion is denied. And based

on the reason for that denial, Revenue Management's request for dismissal is granted as to the

second violation under § 1692e(13) of the FDCPA. Revenue Management's request for dismissal

is denied as to the remaining alleged violations.

June 2, 2016                                                                  By the Court,

                                                                             Melvin S. Hoffman
                                                                             U.S. Bankruptcy Judge

Counsel Appearing:     William C. Parks, Esq.
                       Boston, Massachusetts
                       for the Plaintiff

                       Steven S. Broadley, Esq.
                       Justin Kesselman, Esq.
                       Posternak, Bankstein & Lund LLP
                       Boston, Massachusetts
                       for the Defendants

520 MAIN ST SUITE 202
WALTHAM MA 02452-5549

## REVENUE MANAGEMENT CORPORATION
520 MAIN STREET
WALTHAM MA 02452
**781-894-8400   1-800-236-5783**
**Fax: 781-894-4899**
Office Hours: Mon 8:30AM - 8:00PM and Tue - Fri
8:30AM - 4:30PM Sat 9:00AM - 12:00pm

RETURN SERVICE REQUESTED

January 22, 2015

Re:  MOUNT IDA COLLEGE
vs.:  EDWARD MURRAY
Account Number: ▮▮▮▮▮
Balance owing:     $3228.38

EDWARD MURRAY

## ***URGENT***
## Notice to report to national credit bureaus

In compliance with the Fair Debt Collection Practices Act, and at the request of our client we now must report your account as a refusal to pay to the credit bureaus. If you wish to resolve your obligation voluntarily, you should do so now. Any unpaid balance will be reported to TRANS UNION, EQUIFAX and EXPERIAN (formerly TRW).

Keep in mind that we are entitled to use and intend to use all approved means at our disposal to collect the debts which have been referred to us.

This will impact your personal credit records for up to seven years.

If your balance is not paid in full directly to our office within ten days of the date of this letter we will not hesitate to report this debt to all the major credit bureaus.

Send your check today to: REVENUE MANAGEMENT CORPORATION
520 MAIN STREET
WALTHAM MA 02452

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

## DETACH AND RETURN WITH YOUR PAYMENT

Re:  MOUNT IDA COLLEGE

Account Number: ▮▮▮▮

Amount Enclosed: _____

| Payment Amount | Balance Due $3228.38 |
|---|---|
| IF PAYING BY MASTER CARD OR VISA FILL OUT BELOW. | |
| CHECK CARD USING FOR PAYMENT  ☐ 💳   ☐ VISA | |
| Card Number | Amount |
| Signature | Exp. Date |

**Revenue Management Corp.**
**520 MAIN ST SUITE 202**
**WALTHAM MA  02452-5549**

EDWARD MURRAY